IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 16-cv-03082-RBJ-NYW

LEONARD MARES,

    Plaintiff,

v.

FRAN LEPAGE,

    Defendant.

## ORDER

This matter is before the Court on defendant Fran LePage's motion to dismiss, ECF No. 34, and Magistrate Judge Nina Y. Wang's report and recommendation, ECF No. 54. Judge Wang recommended that this Court grant Ms. LePage's motion to dismiss, and Mr. Mares timely objected to Judge Wang's recommendation. ECF Nos. 54, 60. After reviewing the briefing and relevant law, I find that the motion to dismiss must be GRANTED.

## I. BACKGROUND

Magistrate Judge Wang provided a detailed summary of the procedural and factual background of this case in her Recommendation. *See* ECF No. 54 at 1–14. To briefly highlight the relevant facts, Mr. Mares is an inmate under the supervision of the Colorado Department of Corrections ("CDOC"), and Ms. LePage is a Program Manager at the Pueblo County Detention Center, a CDOC facility. ECF No. 15. Mr. Mares filed a complaint asserting, among other claims and against additional defendants, that Ms. LePage wrongfully violated his rights under

the First Amendment and Religious Land Use and Institutionalized Persons Act ("RLUIPA") when she denied his request to change his religion to Judaism and thus receive kosher diet meals. ECF No. 15. Mr. Mares later asserted that Ms. LePage also failed to provide him with a personal copy of the Torah and failed to facilitate the visitation of a rabbi to the detention center. ECF No. 39. Following the screening process undertaken pursuant to § 1915(e)(2), Judge Babcock of this Court dismissed all of Mr. Mares' claims except for the First Amendment and RLUIPA claims and dismissed all defendants other than Ms. LePage. Judge Babcock also noted that the Eleventh Amendment disallowed Ms. LePage from being liable in her official capacity for any monetary damages. ECF No. 12 at 13. The case was then assigned to this Court and Magistrate Judge Wang. Ms. LePage filed the pending Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. ECF No. 34. Magistrate Judge Wang reviewed the motion to dismiss and recommended that it be granted, ECF No. 54. Mr. Mares timely objected to her recommendation. ECF No. 60.

## II. STANDARD OF REVIEW

A. **Magistrate Judge Wang's Recommendation.**

When a magistrate judge makes a recommendation on a dispositive motion, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is sufficiently specific if it "focus[es] the district court's attention on the factual and legal issues that are truly in dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

Mr. Mares timely objected to Magistrate Judge Wang's recommendation. ECF No. 60. Specifically, Mr. Mares objects to Magistrate Judge Wang's findings with regard to the First Amendment claim. It does not appear that Mr. Mares objects to Magistrate Judge Wang's recommendations as to the RLUIPA claim. *See id.* However, in the interests of thoroughness and finality, I will review both the First Amendment and the RLUIPA claim de novo.

### B. **Rule 12(b)(6) – Motion to Dismiss for Failure to State a Claim.**

To survive a 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002), purely conclusory allegations are not entitled to be presumed true, *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard. *See Twombly*, 550 U.S. at 556. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).

### III. ANALYSIS

Mr. Mares seeks both damages and injunctive relief for the alleged First Amendment and RLUIPA violations in this case. *See* ECF No. 10 at 18 (noting that he seeks damages in the amount of $300,000 and injunctive relief from Ms. LePage's alleged wrongdoing). However, I

find that Mr. Mares' prayer for injunctive relief is moot because he is no longer housed at the Pueblo County Detention Center (where the alleged wrongs occurred), he presents no evidence that he will be housed there again, and he admits that Ms. LePage in fact permitted him to change his religion and receive kosher meals prior to his transfer away from the Pueblo County Detention Center. *See* ECF No. 39 at 4–5. Therefore, there is no "continuing injury" and this Court lacks jurisdiction concerning his request for an injunction. *See Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011) (holding that a prisoner's claim for injunctive relief is moot if he or she is no longer subjected to the conditions complained of in the pleading).

In addition, Judge Babcock dismissed any claims for monetary relief against Ms. LePage in her official capacity based on the Eleventh Amendment. ECF No. 12 at 13. Therefore, the only form of relief that Mr. Mares can receive is monetary relief for claims against Ms. LePage in her individual capacity. Because the Tenth Circuit has determined that "[t]here is no cause of action under RLUIPA for individual-capacity claims," *Stewart v. Beach*, 701 F.3d 1322, 1335 (10th Cir. 2012), I can quickly determine that Mr. Mares' RLUIPA claim against Ms. LePage fails and must be dismissed. As such, the only remaining claim is Mr. Mares' First Amendment claim against Ms. LePage in her individual-capacity.

In her motion to dismiss, Ms. LePage argues that Mr. Mares' First Amendment claim fails for two reasons. First, she argues that Mr. Mares' pleadings about his religious beliefs are vague, conclusory, and fail to meet the required pleading standards. ECF No. 34 at 5. Second, she argues that Mr. Mares' allegations about Ms. LePage's conduct fall short of establishing the personal participation necessary to maintain a claim under 42 U.S.C. § 1983. *Id.* at 6. I will address each argument in turn.

**A. Pleading Standard for a Free Exercise Claim.**

In order to allege a violation of the First Amendment's Free Exercise Clause, a prisoner-plaintiff must show that a prison regulation "substantially burdened . . . sincerely-held religious beliefs." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). Then, the prison official-defendant may identify the legitimate penological interests that justified the impinging conduct. *Id.* In his complaint and in his response to Ms. LePage's motion to dismiss,[1] Mr. Mares alleges that Ms. LePage "denied him his religion" when she: (1) followed a Pueblo County Detention Center policy and refused his requests to formally change his religious designation to Judaism, which in turn prevented him from receiving kosher meals; (2) failed to provide him with a Torah; and (3) failed to find a rabbi to visit the detention center. ECF Nos. 15, 39.

Ms. LePage first argues that Mr. Mares failed to expressly claim that his Jewish beliefs are "sincerely held." ECF No. 34 at 5. I find that even though Mr. Mares did not use the magic words "sincerely held," there is enough factual support to rationally and plausibly conclude at this stage that Mr. Mares is a sincere devotee to Judaism. *See Kay*, 500 F.3d at 1220 (holding that although the prisoner-plaintiff did not expressly state that his religious beliefs were "sincerely held," after "[r]eviewing his complaint, and taking the factual allegations as true, enough factual support exists to rationally and plausibly conclude that" the prisoner-plaintiff is a sincere devotee of his faith). For example, in addition to pleading his desire to keep a kosher diet, Mr. Mares also notes that he gave Ms. LePage the name and contact information of a rabbi who Mr. Mares thought might be able to lead faith activities at the detention center. ECF No. 39 at 4. Mr. Mares asserts that he later asked his sister to get into contact with that rabbi to determine whether Ms. LePage had contacted him. *Id.* Mr. Mares also notes his active participation in the prayer services available to him at his new facility. ECF No. 60 at 4.

---

[1] Although a court will ordinarily not permit a party to further amend his operative pleading in response to a dispositive motion, *In re Qwest Commn's Int'l, Inc.*, 369 F. Supp. 2d 1178, 1203 (D. Colo. 2004), I will treat Mr. Mares' pleadings liberally, just as Judge Wang did, and I will consider these allegations.

Therefore, I find he sufficiently pleaded that he has a "sincerely held belief" despite not using those precise words.

However, I agree with Ms. LePage that Mr. Mares failed to sufficiently plead that his religious beliefs have been "substantially burdened," and if so, how. ECF No. 34 at 5 ("Beyond a conclusory assertion that Defendant LePage 'denied' him his religion there are no further details upon which to base a Free Exercise Clause violation."). A "substantial burden" is one that (1) significantly inhibits or constrains a plaintiff's religious conduct or expression, (2) meaningfully curtails a plaintiff's ability to express adherence to his faith, or (3) denies the plaintiff reasonable opportunity to engage in fundamental religious activities. *Nichols v. Fed. Bureau of Prisons*, No. 09-CV-00558-CMA-CBS, 2010 WL 3219998, at *9 (D. Colo. Aug. 12, 2010) (quoting *Wares v. Simmons*, 524 F.Supp.2d 1313, 1320 n. 9 (D. Kan. 2007)). While Mr. Mares provided a list of items that he felt were wrongfully denied him in violation of his religious beliefs, he failed to take the extra step of explaining why or how these denials substantially burdened his ability to practice his Jewish faith.

For example, with regard to the kosher diet, he makes no argument that his beliefs preclude him from eating a non-kosher diet and fails to otherwise show how eating a non-kosher diet "significantly inhibits or constrains" his religious conduct or expression. The total extent of his pleadings regarding the kosher diet are as follows: "Fran Lepage has denied Mr. Mares' change of religion and his kosher diet," "Fran Lepage denied Mr. Mares of his religious beliefs and his kosher dietary meals," and "Fran LePage has violated his rights of kosher dietary laws." ECF No. 10 at 15; ECF No. 39 at 3, 5. This is insufficient. *See, e.g.*, *Nichols* at *9–10 (dismissing pro se prisoner's Free Exercise claim for failure to plead a "substantial burden" where prisoner failed to assert that his dietary requests were "integral" to his religious practice or

that he would face the "Hobson choice" to either not eat or violate his religion by eating non-conforming foods).  Had Mr. Mares included factual allegations in his complaint regarding whether his religious convictions required adherence to the kosher diet, this Court would have taken those allegations as true and found his First Amendment claim sufficiently plead. However, he did not, and without making any allegations as to whether and how the inability to keep a kosher diet impacts his ability to worship, Mr. Mares has pled only a desire to maintain a different diet.

The same is true of Mr. Mares' allegations regarding the personal Torah and visiting rabbi.  He failed to assert any facts showing that the denial of these requests substantially burdened his religion.  ECF No. 39 at 3–4.  He did not assert that these denials left him without access to any religious materials, nor that he was precluded from contacting a rabbi himself to seek spiritual guidance.  Therefore, while Mr. Mares pled that the denial of his religious-based requests was disappointing, he failed to allege whether and how these denials constituted a *substantial burden* on his ability to exercise his Jewish faith.  As such, he failed to assert a cognizable First Amendment Free Exercise violation claim.[2]

---

[2] Because Mr. Mares failed to sufficiently plead a violation of his constitutional rights, I need not address Ms. LePage's other argument regarding personal involvement under Section 1983.

**ORDER**

For the reasons above, the Court accepts the recommendation of the magistrate judge, ECF No. 54, GRANTS with prejudice defendant's motion to dismiss, ECF No. 34. Two other motions, ECF Nos. 31 and 32, are denied as moot.

DATED this 13th day of March, 2018.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge